**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

DONALD GLASSMAN,

<em>Plaintiff</em>,

-against-

ROBERT J. FELDMAN, GEORGIJ NIKONOV a/k/a
GEORGJIJ NIKONIK, MARIJA KAZLOVSKAJA a/k/a
MARIJA KOZLOVSLAJA, and BUBINKA CORP. CORP.,

<em>Defendants</em>.

------------------------------------------------------------------------X

**FILED**
**CLERK**

**4/22/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**ORDER**</u>

25-CV-5516 (GRB)(JMW)

**APPEARANCES:**

> DONALD GLASSMAN
> *Plaintiff, Pro Se*
> 140 Riverside Blvd. #704
> New York, NY 10069
> (917) 441-2106
>
> *No Appearance for Defendants*

**WICKS**, Magistrate Judge:

Plaintiff Donald Glassman ("Plaintiff") commenced this action against Robert J. Feldman, Marija Kazlovskaja ("International Defendants"), Georgij Nikonov ("Nikonov"), and the Bubinka Corp. alleging civil RICO claims, civil RICO conspiracy claims, New York Uniform Voidable Transactions Act claims, New York fraud and conspiracy claims, and a New York common-law accounting claim against all defendants. He additionally asserts claims for defamation, defamation per se, intentional infliction of emotional distress claims, and injunctive relief against Feldman. (*See generally* ECF No. 13.)

1

Presently before the Court is Plaintiff's motion for an extension of time to serve Nikonov and Bubinka Corp. pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 19.) No opposition has been filed. For the foregoing reasons, Plaintiff's motion is **GRANTED** in part.

## PROCEDURAL BACKGROUND

Plaintiff filed the initial Complaint on October 1, 2025, asserting diversity jurisdiction. (ECF No. 1.) The Court questioned whether the Complaint adequately pled complete diversity, as Plaintiff and Defendant Feldman both appeared to be New York residents. (Electronic Orders dated October 3, 2025 and October 7, 2025.) Accordingly, on October 18, 2025, Plaintiff filed the operative Amended Complaint, asserting federal-question jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO", 18 U.S.C. §§1961-1968) and supplemental jurisdiction over Plaintiff's state-law claims. (ECF No. 13; *see also* ECF No. 14 (letter from Plaintiff explaining that he filed the Amended Complaint in order to cure the jurisdictional deficiency).)

On February 20, 2026, Plaintiff filed the present motion for an extension of time to serve Defendants Nikonov and Bubinka Corp. (ECF No. 19.)

## FACTUAL BACKGROUND

As noted above, Plaintiff filed his original complaint on October 1, 2025. (ECF No. 1.) On October 4 and October 5, Plaintiff hired Undisputed Legal Inc. ("ULI") to serve the four defendants, and paid an extra $100 to serve Nikonov on a rush basis at his last known address. (ECF No. 19-1, ¶ 4.) Plaintiff filed the Amended Complaint on October 18, 2025 (ECF No. 13), and emailed it to ULI on October 23 (ECF No. 19-1, ¶ 6). On October 24, ULI informed Plaintiff that it attempted to serve Bubinka Corp. but was advised that Bubinka Corp. moved to a new

address. (ECF No. 19-4.) The same day, Plaintiff paid ULI to attempt service at the new address. (ECF No. 19-1, ¶ 7.)

On November 5, ULI informed Plaintiff that it learned Nikonov was Bubinka Corp.'s resident agent, and that it had identified his address. (ECF No. 19-5.) Plaintiff again paid ULI to serve both Nikonov and Bubinka Corp. at that address. (ECF No. 19-1, ¶ 8.)

Plaintiff did not hear from ULI after November 5, so he reached out on December 15. (*Id.*, ¶ 9.) ULI provided Plaintiff with two affirmations of service dated October 23, 2025 and an "Investigative Due Diligence Affidavit" dated November 4, 2025. (*Id.*) However, Plaintiff was not confident ULI would serve Nikonov or Bubinka Corp. before the 90-day deadline. (*Id.*, ¶ 10.) On December 25, Plaintiff reached out to another process server in New York who discovered that Nikonov was on active duty with the United States Air Force and had disconnected his last known phone number. (*Id.*)

On December 29, 2025, Plaintiff hired Freestate Investigations, LLC ("FIL"), a Maryland firm, to attempt to serve Nikonov and Bubinka Corp. on a rush basis. (*Id.*, ¶ 11; *see also* ECF No. 19-7.) FIL attempted to serve both between December 30, 2025 and January 5, 2026 at two different addresses in Maryland. (ECF No. 19-1, ¶ 12; *see also* ECF No. 19-8 at 2.) FIL additionally attempted to serve Nikonov at a Texas address it discovered. (ECF No. 19-1, ¶ 12; *see also* ECF No. 19-8 at 3–4.)

On January 22, 2026—a week past the 90-day deadline—FIL served Bubinka Corp. through the Maryland Department of Assessments and Taxation. (ECF No. 19-1, ¶ 14; ECF No. 18; ECF No. 19-9.)

Nikonov, however, has still not been served. (ECF No. 19-1, ¶ 15.) On February 16, FIL attempted to serve Nikonov through the attorney who represented him in his divorce. (*Id.*, ¶ 16.)

Finally, on April 11, 2026, after this motion was filed, Plaintiff's latest summons to Nikonov was again returned unexecuted. (ECF No. 23.) The process server attested that he was told that Nikonov "does not reside on Fort Meade and the address provided is not a good address. It's a unit on the National Security Agency which does not allow access on their grounds." (*Id.*)[1]

Plaintiff moves the Court to extend nunc pro tunc the deadline to serve Bubinka Corp. by six days to January 22, 2026; and the deadline to serve Nikonov by 180 days from the date of the entry of this Order. (ECF No. 19.)

**LEGAL STANDARD**

Proper service upon an individual in a civil suit is determined by the Federal Rules of Civil Procedure. *Kurzberg v. Ashcroft*, 619 F.3d 176, 183 (2d Cir. 2010). If a plaintiff does not serve a defendant within 90 days of a complaint's filing, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice[.]" Fed. R. Civ. P. 4(m). If, however, the plaintiff shows "good cause" for the failure, then the court "must extend the time for service for an appropriate period." *Id.* Under New York's Civil Practice Law and Rules ("CPLR") § 308, personal service upon a natural person is virtually identical to the Federal Rules. *See Windward Bora LLC v. Baez*, No. 19-CV-1755, 2021 WL 7908011 (RJD), at *4 (E.D.N.Y. Feb. 24, 2021). Here, Plaintiff failed to timely serve Defendants within the 90-day period required under Rule 4(m).

Since the Plaintiff failed to timely serve, he must show "good cause." *See* Fed. R. Civ. P. 4(m). "A showing of good cause is largely dependent upon whether a plaintiff exhibited due diligence when attempting to effectuate service." *Agnone v. Zoi Foods Corp.*, No. 24-CV-08202 (JMW), 2025 WL 964147, at *3 (E.D.N.Y. Mar. 31, 2025) (Wicks, J.).

---

[1] As for the two International Defendants, ULI informed Plaintiff on February 9, 2026 that ULI had not received a completed certificate of service for them. (ECF No. 19-1, ¶ 17.)

"Though no 'exact list' of service requirements constituting due diligence has emerged, case law in the Second Circuit has shaped 'due diligence' into a 'rough standard,' ordinarily requiring multiple service attempts upon a defendant in addition to inquiring into the defendant's residence or place of employment before effectuating service." *Id.* (citing *Weifang Xinli Plastic Prods. v. JBM Trading Inc.*, No. 1:11-cv-02710 (WFK) (LB), 2014 WL 4244258, at \*3 (E.D.N.Y. Aug. 26, 2014)).

Good cause is found only in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (internal quaotiation marks and citation omitted). "A party seeking an extension for good cause 'bears a heavy burden of proof.'" *Tolchin v. Cnty. of Nassau*, 322 F. Supp. 3d 307, 311 (E.D.N.Y. 2018) (citation omitted). In considering whether good cause exists, courts within this Circuit "weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). "Factors deemed outside of the plaintiff's control typically include sudden illness, natural catastrophe or evasion of service of process.'" *Fantozzi v. City of New York*, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (citation omitted). Even though Plaintiff proceeds *pro se*, the mandates under the Federal Rules still control. *See Bey v. N.Y. State Dep't of Soc. Servs.*, No. 21-cv-5713 (RPK) (PK), 2022 WL 706510, at \*2 (E.D.N.Y. Mar. 8, 2022).

"In the absence of good cause, an extension may still be granted at the court's discretion." *Tolchin*, 322 F. Supp. 3d at 311 (E.D.N.Y. 2018). In other words, "Federal Rule of

Civil Procedure 4(m) 'authorizes the court to relieve a plaintiff of the consequences of [late service] even if there is no good cause shown.'" *Ferreira v. Carranza*, No. 20CV2305PKCLB, 2022 WL 34610, at *2 (E.D.N.Y. Jan. 4, 2022) (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments) (alteration in original). "'Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.'" *Id.* (quoting *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999)). As set forth below, good cause has been established here.

**DISCUSSION**

**I.   Nikonov**

Plaintiff asserts that good cause has been shown in his efforts to serve Nikonov at three different addresses. (*See generally* ECF No. 19-11.) Plaintiff hired multiple process service and investigation firms to serve Nikonov, and they attempted to serve him at both of his last known addresses in Maryland, and an address they traced in Texas. (ECF No. 19-1, ¶¶ 4–14.) FIL was unsuccessful in its attempts to serve him at these addresses. (ECF No. 19-7 ("Unsuccessful Attempt 12/30/25, 7:59 PM 7175 Ohio Avenue, Hanover, MD 21076")); (ECF No. 19-8 ("Unsuccessful Attempt: Jan 5, 2026, 7:29 pm CST at 3501 Sherman Drive, Schertz, TX 78514").) This level of diligence constitutes good cause to grant Plaintiff an extension of time. *See Agnone*, 2025 WL 964147, at *3 (finding good cause where the plaintiff made "four attempts to serve the Defendant at three different addresses over the course of several weeks"); *Emerald Asset Advisors, LLC v. Schaffer*, 895 F. Supp. 2d 418, 428 (E.D.N.Y. 2012) (finding good cause

where "Plaintiff made extensive inquiries as to these individuals' and companies' locations, including hiring a number of investigators to assist with the process").

Similarly, courts have found "'good cause' when the defendant's whereabouts are unknown or otherwise difficult to discern." *U.S. S.E.C. v. Shehyn*, No. 04 Civ.2003 (MBM), 2005 WL 2990643, at *3 (S.D.N.Y. Nov. 7, 2005). Through a process server in New York, Plaintiff was provided a Department of Defense Manpower Data Center Status Report revealing that Nikonov is on active duty with the United States Air Force. (ECF No. 19-6.) Concurrently, Plaintiff discovered that Nikonov's last known cell phone number was disconnected. (ECF No. 19-1, ¶ 10.) As Nikonov is an active military member who was absent at three different known addresses (two in Maryland and one in Texas, *see* ECF No. 19-1, ¶¶ 7–12), his whereabouts are difficult to discern. Additionally, Plaintiff's diligent efforts did not stop with the aforementioned actions, as he reached out to Nikonov's previous counsel on February 16, 2026 to attempt to serve him through the attorney. (*Id.*, ¶ 16.) Accordingly, Plaintiff has sufficiently demonstrated good cause to excuse untimely service upon Nikonov.[2]

### II.    Bubinka Corp.

Plaintiff argues that his efforts to serve Nikonov also constitute good cause with respect to Bubinka Corp., because Nikonov is Bubinka Corp.'s resident agent. (ECF No. 19-11 at 1.) While Bubinka Corp. is a defunct corporation, "[i]n New York, dissolution does not affect a corporation's amenability to service of process." *Ortiz v. Green Bull, Inc.*, No. 10-cv-3747

---

[2] In addition to the factors discussed above, "several courts have considered also whether the plaintiff moved for an extension before the [90]-day period elapsed." *Shehyn*, 2005 WL 2990643, at *2 (collecting cases). Here, the Amended Complaint (ECF No. 13) was filed October 18, 2025, so the 90-day deadline elapsed January 16, 2026—yet Plaintiff did not file the present motion until February 20, 2026, almost a month later. Still, under the circumstances—Plaintiff's diligence otherwise, the fact that Plaintiff is *pro se*, and the fact that he was candid and contrite about his lateness (*see* ECF No. 19-1, ¶ 13)—the Court finds this factor not dispositive.

(ADS)(ETB), 2011 WL 5553834, at *3 (E.D.N.Y. Nov. 14, 2011) (citing N.Y. Bus. Corp. Law § 1006(4)). Plaintiff's diligence and efforts in serving Bubinka Corp. are substantially the same as his efforts in attempting to serve Nikonov, its registered agent. (ECF No. 19-1, ¶ 8.) Plaintiff first made several attempts to serve Bubinka Corp. through its original resident agent, and then Nikonov who was substituted as the registered agent sometime in 2025. (ECF No. 19-11 at vii.) Plaintiff attempted to serve both Nikonov and Bubinka Corp. on a rush basis at two addresses in Maryland and one in Texas. (ECF No. 19-7; ECF No. 19-1, ¶ 12.) Just like with respect to Nikonov, Plaintiff's efforts to serve Bubinka Corp. constitute good cause. *See Emerald Assets, LLC*, 895 F. Supp. 2d at 427; *Shehyn*, 2005 WL 2990643, at *3.

Eventually, Bubinka Corp. was successfully served via the Maryland State Department of Assessments & Taxation ("SDAT") on January 22, 2026, seven days after the 90-day deadline had passed. (ECF No. 19-1, ¶ 14.) Service upon SDAT has been held valid under specific circumstances: "Maryland permits substituted service upon a corporation by serving the State Department of Assessments and Taxation 'by serving two copies of the summons, complaint, and all other papers filed with it, together with the requisite fee… if (i) the entity has no resident agent; (ii) the resident agent is dead or is no longer at the address for service of process maintained with the State Department of Assessments and Taxation; or (iii) two good faith attempts on separate days to serve the resident agent have failed.'" *McCaffery v. Gatekeeper USA, Inc.*, 14-cv-493 (VSB), 2015 WL 13653886, at *2 (S.D.N.Y. Mar. 25, 2015) (quoting Md. Rule 2-124(o)). Here, both FIL and ULI attempted to serve Nikonov, Bubinka Corp.'s resident agent, at different addresses on separate days. (ECF No. 19-11 at vii.) . To this end, Plaintiff submits proof of service (ECF No. 18) as well as a "confirm[ation of] acceptance" from the

8

Maryland Department of Assessments and Taxation (ECF No. 19-9).  Therefore, the substituted service was proper under Maryland law. [3]

The Court also notes that Bubinka Corp. was made aware of the action only a week after the 90-day period under Rule 4(m) expired, through Plaintiff's eventually effectuated service on January 22, 2026. This is further reason to grant a modest extension, as doing so will cause "little to no prejudice" to Bubinka Corp. *Agnone*, 2025 WL 964147, at *4 ("little to no prejudice" where service was effectuated twenty-four days late).

Because the Court finds that good cause exists with respect to both Nikonov and Bubinka Corp., the Court "must" grant Plaintiff an extension of time. Fed. R. Civ. P. 4(m). Accordingly, there is no reason to analyze, in the alternative, whether the Court should exercise its "discretionary power" to grant the extension. *Agnone*, 2025 WL 964147, at *4 ("Based on this finding [of good cause], the undersigned need not address Plaintiff's alternate request for relief under the Court's discretionary power to grant an extension.").

---

[3] The Court does not address the lack of service upon the International Defendants as the Rule 4(m) 90-day deadline does not apply to foreign domiciliaries. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Extension of Time to Serve (ECF No. 19) is **GRANTED in part**. The Court extends the time for Plaintiff to serve Defendant Nikonov to **June 22, 2026.** The Court extends the time nunc pro tunc for Plaintiff to serve Defendant Bubinka Corp. to **January 22, 2026**.

Dated:       Central Islip, New York
             April 22, 2026

                         **S O   O R D E R E D:**

                         /S/ *James M. Wicks*
                         _____
                              JAMES M. WICKS
                         United States Magistrate Judge